**MONROE, Admr., Plaintiff-Appellant, v. MIDDLE ATLANTIC TRANSPORTATION CO. INC., et al, Defendants-Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21118.   Decided February 21, 1949

**478**

Coleman Kiss, Albert H. Kiss, Cleveland, for plaintiff-appellant.

McConnell, Blackmore, Corey & Burke, Cleveland, for defendants-appellees.

## OPINION

By HURD, J.

This is an appeal on questions of law in an action for wrongful death of plaintiff's decedent, wherein the court at the close of plaintiff's case granted a motion to direct a verdict and to enter judgment in favor of the defendants, on the ground that there was no common law marriage existing between the plaintiff Roy L. Monroe and the decedent, Clara Monroe, as a matter of law.

On this appeal we are presented with a single question, namely, Was there evidence sufficient on the proposition of a common law marriage to require that issue to be submitted to the jury under proper instructions from the court?

The trial judge in directing a verdict and entering judgment for the defendants, predicated his decision upon the case of In re Estate of Redman; Hiland, appellee, v. State of Ohio, appellant, (decided June 14, 1939) 135 Oh St 554. In that case the supreme court held that the essential elements of a common law marriage were properly defined in the case of Umbenhower v. Labus, (decided June 6, 1912) 85 Oh St 238, as follows:

"An agreement of marriage in praesenti, when made by parties competent to contract, accompanied and followed by cohabitation as husband and wife, they being so treated and reputed in the community and circle in which they move establishes a valid marriage at common law, and a child of such marriage is legitimate and may inherit from the father." (Syllabus.)

Reducing this definition to its component parts, we have four requisites: (1) An agreement of marriage in praesenti made by the parties competent to contract; (2) followed by cohabitation by the parties as husband and wife; (3) holding themselves out as husband and wife in the community and

circle in which they move; (4) being regarded as husband and wife in the community and circle in which they move.

Since the decision in In re Redman, we have a later decision by the supreme court in the case of **Markley et al, appellees v. Hudson et al appellants, 143 Oh St 163**, decided April 5, 1944, the second syllabus of which is as follows:

"While such agreement to marry in praesenti must be proved by clear and convincing evidence, it may be established by proof of the acts, declarations and conduct of the parties and their recognized status in the community in which they reside."

In that case, Hart, J., speaking for the court stated at page 165:

"In the trial court the following interrogatory among others was submitted to the jury:—'Did William T. Markley and Eleanor Hudson Markley enter into a mutual contract of present marriage accompanied and followed by cohabitation as husband and wife, they being so treated and reputed in the community and circle in which they lived?' This interrogatory was answered in the affirmative. It follows of course that if there was probative evidence in the record to sustain this verdict of the jury, the court of appeals erred in reversing the judgment of the probate court and in rendering final judgment for the plaintiffs."

Also, see dictum at page 167.[1]

The Supreme Court in the Markley case further **held that the weight of the evidence is for the jury to determine**, citing Bates v. State, 9 Cir. C. (N. S.) 273, 19 Cir. D. 189, affirmed **State v. Bates, 77 Oh St 622**, 84 N. E. 1132. (Emphasis ours.)

---

Note 1. At page 167—Markley v. Hudson et al, the court said:

"In the judgment of this court, the court of appeals misinterpreted the pronouncement of this court in the Redman case above cited, quoted from and relied upon by the court of appeals. This court still adheres to the doctrine that it is essential to show an agreement between the parties in praesenti to become husband and wife in order to establish a common law marriage, but this does not mean that such proof must establish an express agreement resulting in contract or that such result may not be established by circumstances from which an agreement in praesenti may be inferred. It is to be observed that in the Redman case one of the parties specifically disclaimed any intention to marry."

We have examined the record carefully in the instant case and have reached the conclusion that the evidence there contains all the elements necessary to support a common law marriage in Ohio as set forth in the earlier cases which we have cited and quoted from.

There is no doubt that there was evidence of an agreement in praesenti, as instance the following quotation from the record:

"Q. Tell us what was said, what Clara said and what you said.

A. Clara told me she had obtained her divorce. I said, 'well, all right, Clara, we can get married now that you have your divorce.' Clara says, 'well, we can't get a license in Painesville. It might be embarrassing or it will be embarrassing because we lived together as man and wife for some time.' I said, 'Clara, we can actually get married without getting a license.' I said, 'I will take you for my wife from now on and everything that I have or ever will own will be yours as much as it is mine.'

Q. What did Clara say?

A. Clara says, 'Roy, I will take you for my husband and I promise to be your wife from now on.' I told Clara I says, 'All right. We will start out by buying a home. We will start looking for a home so we can move out of here.' She says, 'That will be fine, and we will furnish it and move in the home and get out of here.' "

Likewise, there is no doubt that there was sufficient evidence with respect to the other essential elements, such as capacity to contract, cohabitation, publication, and the fourth element of being regarded as husband and wife in the community and circle in which they moved. In fact the evidence is very definite on all of these points.

Therefore, we hold in accordance with the decision of the supreme court in the Markley case that the question here presented was one for the jury to determine on the weight of the evidence under proper instructions of law by the trial judge.

Therefore, it is our view that there was error prejudicial to the rights of the plaintiff, in directing a verdict for the defendants and for this reason the judgment of the common pleas court is reversed and the cause is remanded for further proceedings according to law. A journal entry may be drawn accordingly. Exceptions noted.

MORGAN, PJ, SKEEL, J, concur.